```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN KAUFFMAN,                                  :
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :       13 Civ. 4464 (HB)
                                                :
NHCLC-SEATTLE LLC and                           :       OPINION & ORDER
NH NORTHEAST LLC,                               :
                                                :
                        Defendants.             :
------------------------------------------------------------X
```

**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff John Kauffman seeks compensation under his employment agreement with Defendant NHCLC-Seattle LLC for what he contends was a termination without cause. Plaintiff also cross moves for a preliminary injunction enjoining Defendants from enforcing a restrictive covenant in that agreement preventing him from obtaining certain other employment. Defendants move to dismiss for lack of venue or, in the alternative, to transfer to the Eastern District of Michigan. For the reasons stated below, Defendants' motion is DENIED. Plaintiff's cross-motion for a preliminary injunction is also DENIED. But the parties may submit supplemental briefing on a preliminary injunction with the fully-briefed motion, if any, due by January 10, 2014.

**BACKGROUND**

      NHCLC-Seattle is a single-member limited liability corporation that provides computer and information technology training and development services. Defendant NH-Northeast LLC ("NHNE") is NHCLC-Seattle's sole member. NHNE is also a member of a second entity, NHCLC-New York. NHCLC-Seattle and NHCLC-New York provide similar services to different regions of the United States. But both NHNE board members and NHCLC-Seattle executives have used NHCLC-New York's office space in Manhattan to conduct business on at least some occasions. Plaintiff claims that he also spent a sizeable amount of his time in New York while he was employed with Defendants.

      The underlying dispute here centers upon whether Plaintiff was terminated with or without cause. Defendant NHCLC-Seattle first hired Plaintiff on July 8, 2011 following its

1

acquisition of Plaintiff's business.  Upon joining NHCLC-Seattle, Plaintiff and Defendants entered into a four-year employment agreement.  That agreement permitted Defendants to avoid further payment obligations to Plaintiff upon a termination with cause.  But if Defendants terminated Plaintiff without cause, then they would be required to pay the remainder owed to Plaintiff under their agreement.  And on November 11, 2011, Plaintiff also became CEO of NHNE.

But by January 2013, Defendants had terminated Plaintiff.  That termination took place in New York.  Defendants urge that Plaintiff was terminated with cause because of his insubordination.  Among other alleged transgressions, they point to a sales commission plan that Plaintiff implemented against orders from NHNE's board.  According to Defendants, that plan resulted in substantial losses.  Defendants also complain that Plaintiff refused to implement cost-reduction measures that NHNE directed.  NHNE purportedly transmitted these directions from Michigan.  Finally, Defendants also describe a presentation on April 23, 2012 that Plaintiff gave to NHNE's ownership group in Michigan that Defendants urge was deceptively optimistic.  According to Defendants, that presentation induced NHNE's ownership to invest an additional $3 million that was then squandered.  Plaintiff disputes these allegations and claims he enhanced profits for both NHCLC-Seattle and NHNE.

Then, on June 26, 2013 after Plaintiff had threatened litigation related to his termination, Defendants filed an action in the Eastern District of Michigan seeking declaratory relief.  That action is still pending.  Plaintiff then commenced the instant case the following day on June 27.

## DISCUSSION

### A.  Dismissal for Lack of Venue

Defendants first urge that this matter should be dismissed for lack of venue pursuant to 28 U.S.C. § 1391(b).  Under that statute, venue is proper, *inter alia*, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2).  In a contract case such as this, factors to consider in making that determination include "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *Largotta v. Banner Promotions, Inc.*, 356 F. Supp. 2d 388, 390 (S.D.N.Y. 2005) (quoting *PI, Inc.*, 907 F. Supp. 752, 757–58 (S.D.N.Y. 1995)).  While Plaintiff "bears the burden of establishing that venue is correct," he "need only make a prima facie showing of venue" where, as here, the Court decides the issue on the basis of the pleadings and

accompanying affidavits. *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13 Civ. 0704, 2013 WL 5439143, at *2 (S.D.N.Y. Sept. 27, 2013) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). In deciding "whether the plaintiff has made the requisite prima facie showing that venue is proper, [the court] view[s] all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007).

Here, Plaintiff has established a prima facie case for venue. This dispute concerns whether Plaintiff's performance or nonperformance of his employment contract—which purportedly motivated his termination—was up to par. Viewing the facts in Plaintiff's favor, those duties were performed largely out of Plaintiff's permanent office in New York. Indeed, Plaintiff avers that he "spent the majority of [his] time in the New York City office" while working for Defendants. (Kauffman Affirm. ¶ 20.) And "approximately 75% of [Plaintiff's] work weeks while [he was] employed as CEO of [NHNE]" were spent in New York. (*Id.* ¶ 22.) Under these circumstances, venue is proper here. *See Largotta*, 356 F. Supp. 2d at 390 (looking to fact that plaintiff "largely performed his contractual obligations in New York" as weighing in favor of venue). Finally, it is undisputed that Plaintiff was terminated in this district. *See Sanderson v. Horse Cave Theatre 76*, 881 F. Supp. 2d 493, 507 (S.D.N.Y. 2012) (describing the location of "the determination to terminate [Plaintiff's] employment" as "significant" for venue purposes). Thus, while some events also took place in Michigan, including Plaintiff's presentation to NHNE's board, those events do not undermine the conclusion that venue is nevertheless proper here. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) ("Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred."). Accordingly, Defendants' motion to dismiss for lack of venue is denied.

## B. Transfer

In the alternative, Defendants also seek to transfer this case to the Eastern District of Michigan under 28 U.S.C. § 1404(a). That statute permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district where [the case] might have been brought." *Berger v. Cushman & Wakefield of Penn., Inc.*, No. 12 Civ. 9224, 2013 WL 4565256, at *3 (S.D.N.Y. Aug. 28, 2013) (quoting 28 U.S.C. § 1404(a)). But as the party requesting transfer, Defendants carry the "burden of making out a strong case for transfer" through "clear and convincing evidence." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,

599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)).

Before weighing the merits of transfer, the threshold question is whether venue also lies in the Eastern District of Michigan under 28 U.S.C. § 1391(b). *Berger*, 2013 WL 4565256, at *3. But even assuming that transfer to that district would be possible, I decline to do so. In deciding the merits of a transfer, courts consider a multitude of factors. These include

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Id.* (quoting *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112). In addition, courts also consider "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (citing *Robertson v. Cartinhour*, No. 10 Civ. 8442, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). But while all of these factors must be considered, "the district court generally should disturb the plaintiff's choice of forum only if, on balance," the countervailing factors "clearly favor transfer." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009).

Here, these factors do not clearly outweigh Plaintiff's choice to bring this action in the Southern District of New York. While Plaintiff's choice of a forum outside his New Hampshire home is entitled to less weight "[w]here the selected forum is not connected in a meaningful way to the operative facts," *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012), much of the work Plaintiff performed and on which this lawsuit is based nevertheless occurred in this district. Thus, Plaintiff's choice to file in New York rather than his home district still carries some weight. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001) ("It would make little sense to withhold deference for the plaintiff's choice merely because she did not sue in her home district.").

Second, convenience to both the parties and the witnesses weighs in favor of Plaintiff's choice of forum. While Defendants urge that those involved in the decision to terminate Plaintiff reside in Michigan, it is undisputed that executives for both Defendants travel to New York to conduct business. (Fink Decl. ¶ 8.) Indeed, Defendants concede that their executives use the New York offices "as a matter of convenience," suggesting that the burden of using those offices

for this litigation must not be great. (*Id.*) Plaintiff also submits that at least two NHNE executives, including its Executive Chairman and chief financial officer, have permanent offices in New York. (Kauffman Affirm. ¶ 18.) Defendants do not dispute this observation. Thus, Defendants' continuing presence in New York mitigates any expense or inconvenience from traveling to this district from Michigan. And with the convenience to Plaintiff that comes from traveling the much shorter distance from New Hampshire to Manhattan rather than to Michigan, the relative convenience to the parties and witnesses bolsters Plaintiff's choice to bring suit here. *See Berger*, 2013 WL 4565256, at *4 (noting that courts look past the inconvenience to the parties to the extent that, as here, transfer would merely "shift the inconvenience from one party to another").

The parties focus most of their remaining dispute upon where the events giving rise to this lawsuit took place. But even if the executive decisions that Plaintiff disobeyed emanated from Michigan, most of his alleged disobedience occurred outside of Michigan. Indeed, Defendants offer evidence of only one instance in which Plaintiff traveled to Michigan: the April 23, 2012 presentation to NHNE executives. While perhaps a significant factor in the decision to terminate Plaintiff, Defendants do not argue that this presentation alone formed the basis for Plaintiff's termination. Rather, Defendants urge that they were dissatisfied with Plaintiff's overall performance throughout his employment. And as noted above, Plaintiff in large part performed his duties in New York. Although Defendants urge that Plaintiff's account of his time in New York is exaggerated, it is Defendants' burden to demonstrate by "clear and convincing evidence" that a transfer is warranted. *N.Y. Marine*, 599 F.3d at 114. Given Plaintiff's termination in New York and his frequent visits to New York, Defendants have failed to meet that burden.

The remaining factors do not strongly favor either party. For example, neither party has brought to the Court's attention any issues concerning the location of documents or access to sources of proof. Nor have the parties put forth meaningful evidence of their relative means. And there is no reason to believe that a federal court in Michigan is more or less familiar than this Court with Delaware law, the parties' agreed upon choice of law for interpretation of their contract. (*See* Kauffman Decl. Ex. A ¶ 11(j).) Thus, in consideration of the other factors discussed above, Defendants have failed to make the necessary strong showing that the Eastern District of Michigan is the better venue. Accordingly, the motion to transfer is denied.

## C. Preliminary Injunction

Finally, Plaintiff also asks for a preliminary injunction barring Defendants from enforcing a restrictive covenant in Plaintiff's employment contract that prevents him from obtaining certain other employment. But "to justify a preliminary injunction, a movant must demonstrate 1) irreparable harm absent injunctive relief; 2) 'either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor,' and 3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010) (internal citations omitted) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Here, with little more than competing affidavits describing Plaintiff's conduct, the parties have not offered sufficient evidence for the Court to determine Plaintiff's likelihood of success at this stage or whether he would suffer irreparable harm. Accordingly, I decline to impose a preliminary injunction at this time. But should Plaintiff wish to submit further briefing on this matter, I invite him to do so, provided that I have notice by December 20, 2013 and any motion be fully briefed and delivered to chambers by January 10, 2014.

## CONCLUSION

I have considered the parties' remaining arguments and find them meritless. For the reasons stated above, Defendants' motion to dismiss or transfer is DENIED. Plaintiff's cross-motion for a preliminary injunction is also DENIED at this time. But Plaintiff may submit additional briefing on his request for a preliminary injunction. That motion, if any, shall be fully-briefed by January 10, 2014. The Clerk of Court is instructed to close these motions and remove them from my docket.

**SO ORDERED.**

Date: 12/9/13
New York, New York

HAROLD BAER, JR.
**United States District Judge**